IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

**ANGELA SIMMONS,**
*On behalf of herself and others simiaialiry situated*,

Plaintiff,

v.   No. 3:21-cv-00839

**CHOICE HOTELS INTERNATIONAL, INC.**,
**COLUMBIA HOSPITALITY LLC**,
and **KFS HERMITAGE, LLC**,   **FLSA Collective Action**
                              **JURY DEMANDED**
Defendants.

### FIRST AMENDED COLLECTIVE ACTION COMPLAINT

Plaintiff Angela Simmons ("Plaintiff"), on behalf of herself, individually, and on behalf of others similarly situated, files this First Amended Collective Action Complaint pursuant to Fed. R. Civ. P. 15(a)(1)(B), averring as follows:

### I.   INTRODUCTION

1. This is a collective action for violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*. ("FLSA") brought against Choice Hotels International, Inc., Columbia Hospitality LLC, and KFS Hermitage, LLC ("Defendants") on behalf of Plaintiff, individually, and on behalf of other similarly situated hourly-paid employees. Plaintiff and putative class members were employed by Defendants at their Suburban Extended Stay Hotels during the three (3) years preceding the filing of this Complaint. Plaintiff and the class seek damages for unpaid overtime compensation. The unpaid overtime wage claims of Plaintiff and those similarly situated are unified by a common theory of Defendants' FLSA violations.

1

## II. JURISDICTION AND VENUE

2. This Court has original jurisdiction over this action under 29 U.S.C. §§ 201, *et seq.,* 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to this claim occurred in this district, including many of the wrongs herein alleged. In particular, Plaintiff worked for Defendants in this District and was denied the wages she is owed in this District. Thus, Plaintiff was harmed in this District.

## III. PARTIES

4. Defendant Choice Hotels International, Inc. is a Delaware Corporation with its principal office address at 1 Choice Hotels Cir Ste 400, Rockville, Maryland 20850-5172 USA. Defendant Choice has been served with process via its registered agent: Corporation Service Company, 2908 Poston Ave, Nashville, Tennessee 37203-1312.

5. Defendant KFS Hermitage, LLC is a Delaware Limited Liability Company with its principal office address located at 141 Godfrey Rd E, Weston, Connecticut 06883. Defendant KFS has been served with process via its registered agent: Capitol Corporate Services, Inc, 992 Davidson Dr, Ste B, Nashville, Tennessee 37205-1051.

6. Columbia Hospitality LLC is a Tennessee Limited Liability Company with its principal office address located 1555 Bear Creek Pike, Columbia, Tennessee 38401-7658. According to the Tennessee Secretary of State, it can be served with process via its registered agent: Bhadresh Patel, 1530 Bear Creek Pike, Columbia, Tennessee 38401-7650.

7. Plaintiff was employed by Defendants as an hourly-paid front-desk employee during the

three (3) year period immediately preceding the filing of this Complaint. Ms. Simmons previously filed her Consent to Join this lawsuit.

### IV.     FACTUAL BASIS FOR SUIT

8. Defendant Choice Hotels International, Inc. is one of the largest hotel chains in the world, and owns several hotel brands, including the Suburban Extended Stay line of hotels.

9. Plaintiff and those similarly situated were employed by Defendants at their Suburban Extended Stay Hotels as hourly-paid employees during the three (3) year period preceding the filing of this action.

10. Plaintiff and those similarly situated typically worked forty (40) or more hours per week for Defendants during all times material to this action.

11. Defendants have been the "employer" of Plaintiff and similarly situated hourly-paid employees within the meaning of 29 U.S.C, § 203(d) and § 203(r) at all times material to this action.

12. At all times material to this action, Plaintiff and those similarly situated have been Defendants' "employees" as defined by Section 203(e)(1) of the FLSA, and worked for Defendants within the territory of the United States within three (3) years preceding the filing of this collective action.

13. At all times material to this action, Defendants have been an enterprise engaged in commerce and production of goods for commerce as defined by Section 203(s)(1) of the FLSA.

14. Plaintiff and similarly situated hourly-paid employees also have engaged in commerce during the applicable statutory period.

15. At all times material to this action, Defendants have been an enterprise engaged in

commerce or in the production of goods for commerce as defined by Section 203 (s)(1) of the FLSA, with annual revenues in excess of $500,000.00.

16. At all material times, Defendants have acted, directly or indirectly, in the interest of an employer or joint employer with respect to Plaintiff and the collective class. Defendants jointly had (a) the ability to hire, fire, and disciple employees; (b) the ability to direct and supervise employee performance; and (c) the ability to affect compensation and benefits. Upon information and belief, Defendants also have interrelated operations and share centralized control of labor relations.

17. Defendants have been responsible for the implementation and administration of its pay practices, including the decision not to pay Plaintiff and those similarly situated one-and one-half times their regular hourly rates of pay for all hours over forty (40) within weekly pay periods during all times material to this action. This includes Defendant Choice Hotels.

18. Defendants had a time keeping system in which Plaintiff and those similarly situated were required to "clock-in" and "clock-out" for the purpose of recording their compensable time during the three (3) year period preceding the filing of this Complaint.

19. Plaintiff and those similarly situated have been subject to Defendants' aforementioned timekeeping and compensation plans, policies, and practice during all times relevant to this action.

20. Defendant had a common de facto policy, plan, and practice of not paying the FLSA mandated rate of overtime pay for all hours worked over forty (40) per week. Defendants failed to pay Plaintiff and those similarly situated one-and one-half times their regular hourly rates of pay for all overtime hours for all "pre-shift" work within weekly pay periods during all times material to this collective action.

21. Plaintiff and similarly situated hourly-paid employees have not received one and one-half times their regular hourly rates of pay for all hours worked over forty (40) within weekly pay periods during the three (3) year period preceding the filing of this collective action.

22. Specifically, Defendants' policy and practice was to required, expect and/or allow Plaintiff and others to work "off the clock" for upwards of thirty (30) minutes at a time before the start of their regularly scheduled shifts.

23. Plaintiff and putative class members regularly worked at, or in excess of forty (40) hours "on the clock" each week for Defendants.

24. Defendants, through their managers and/or agents, were aware Plaintiff and similarly situated hourly-paid employees were not receiving one and one-half times their regular hourly rates of pay for all hours worked over forty (40) within weekly pay periods during the three-year period preceding the filing of this action.

25. The aforementioned unpaid overtime claims of Plaintiff and those similarly situated are unified by a common theory of Defendants' FLSA violations.

26. Defendants willfully and, with reckless disregard to the FLSA's overtime compensation requirements, failed to compensate Plaintiff and similarly situated hourly-paid employees at one and one-half times their regular hourly rates of pay for all hour worked over forty (40) within weekly pay periods during all times material to this Complaint.

27. Defendants knew they was not compensating Plaintiff and those similarly situated at one and one-half times their regular hourly rates of pay for all hours worked over forty (40) within weekly pay periods during all times material to this Complaint, without a good faith basis for its failure.

28. As a result of Defendants' lack of good faith and willful failure to pay Plaintiff and those

similarly situated in compliance with the overtime requirements of the FLSA, Plaintiff and class members have suffered lost wages in terms of lost overtime compensation as well as other damages.

29. The net effect of Defendants' common plan, policy, and practice of failing to pay Plaintiff and similarly situated hourly-paid employees one-and one-half times their regular hourly rates of pay for all hours worked over forty (40) within weekly pay periods, during all times material to this collective action, is that it unjustly enriched itself and enjoyed ill-gained profits at the expense of Plaintiff and class members.

### V.     FLSA COLLECTIVE ACTION ALLEGATIONS

30. Plaintiff brings this case as a collective action on behalf of herself and other similarly situated individuals pursuant to 29 U.S.C. § 216(b) to recover unpaid overtime compensation, liquidated damages, statutory penalties, attorneys' fees and costs, and other damages owed.

31. The proposed collective class of similarly situated persons is defined as:

> All current and former hourly-paid individuals employed by Defendants for at least one full week at any of its Suburban Extended Stay in the United States within during the three (3) years preceding the filing of this action ("Class Members"). [1]

32. Plaintiff seeks to pursue her unpaid overtime wage claims against Defendants on behalf of herself, individually, and on behalf of all other similarly situated hourly-paid employees as a class.

33. Plaintiff and class members are "similarly situated" for purposes of 29 U.S.C. §216(b) because, *inter alia*, Defendants employed a common pay system that resulted in a failure

---

[1] Plaintiff reserves the right to amend the Class Description upon the discovery of additional facts.

to pay Plaintiff and class members for all hours worked over forty (40) per week at one and one-half times their regular hourly rates of pay, as required by the FLSA.

34. This action is properly maintained as a collective action because Plaintiff is similarly situated to the members of the collective class with respect to Defendants' pay and compensation policies and practices.

35. The collective action mechanism is superior to other available methods for a fair and efficient adjudication of this controversy. Defendants acted or refused to act on grounds generally applicable to class members. The prosecution of separate actions could create a risk of inconsistent and varying adjudications, place a substantial and unnecessary burden on the courts and/or substantially impair the ability of class members to protect their interests.

36. Plaintiff will fairly and adequately protect the interests of the class as her interests are in complete alignment with those of class members, i.e. to pursue their aforementioned unpaid overtime compensation claims.

37. Counsel for Plaintiff will adequately protect her interests as well as the interests of all putative class members.

38. Defendants knew Plaintiff and class members performed work in excess of forty (40) hours per week within weekly pay periods that required overtime compensation to be paid. Nonetheless, they operated under a common de facto policy and practice to deprive Plaintiff and class members of such overtime compensation.

39. Defendants' conduct, as alleged herein, was willful and has caused significant damage to Plaintiff and the collective class.

40. Defendants did not have a good faith basis for its failure to compensate Plaintiff and class

members for all their compensable overtime hours at the FLSA applicable overtime rates of pay within weekly pay periods during all times material to this action.

41. Therefore, Defendants are liable to Plaintiff and class members under the FLSA for failing to properly compensate them for their aforementioned unpaid overtime hours within weekly pay periods during all times material.

42. Plaintiff requests this Court to authorize notice to the members of the collective class to inform them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid overtime compensation, as well as liquidated damages, under the FLSA, and the other relief requested herein.

43. Plaintiff estimates there are more than more than one-hundred (100) members in the collective class. The precise number of collective class members can be easily ascertained by examining Defendants' payroll, scheduling, timekeeping, personnel and other work-related records and documents. Given the composition and size of the class, members of the collective class may be informed of the pendency of this action directly via U.S. mail, e-mail, and by posting notice at Defendants' work place.

44. Plaintiff and class members' unpaid overtime compensation claims may be determined partially by an examination of Defendants' payroll, scheduling, time keeping, personnel and other such work-related records and documents.

## COUNT I
**(Violation of the Fair Labor Standards Act)**

45. Plaintiff incorporates by reference all preceding paragraphs as fully as if written herein.

46. At all relative times, Plaintiff and class members have been entitled to the rights, protections, and benefits provided under 29 U.S.C. § 201, *et seq.*

47. Defendants have been an "employer" engaged in interstate commerce consistent with 29

U.S.C. § 206(a) and 207(a). Plaintiff and class members also have engaged in interstate commerce during all times material to this action.

48. Defendants employed Plaintiff and each of the class members under the coverage of the FLSA, during all times relevant to this complaint.

49. At all relevant times, Plaintiff and class members were "employees" of Defendants within the meaning of the FLSA's overtime wage requirements.

50. Plaintiff and other class members have been similarly situated individuals within the meaning of the FLSA, 29 U.S.C. § 216(b) at all relevant times, as previously described.

51. Defendants' common policy and practice of working Plaintiff and class members over forty (40) hours per week within weekly pay periods without compensating them for all such overtime hours at one and one-half times their regular rates of pay during such weeks violated the FLSA.

52. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half (1.5) times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week. Pursuant to 29 C.F.R. § 778.315, compensation for hours worked in excess of forty (40) hours per week may not be considered paid to an employee unless that employee is compensated for all such overtime hours worked.

53. Through its actions, policies, practices, and plans, Defendants violated the FLSA by regularly and repeatedly failing to compensate Plaintiff and class members for all hours worked in excess of forty (40) per week at one and-one half times their regular hourly rates of pay within weekly pay periods during all times material to this Complaint, as required by the FLSA.

54. Defendants' actions were willful with reckless disregard to clearly applicable FLSA

provisions.

55. Defendants' actions were not in good faith.

56. The unpaid overtime claims of Plaintiff and the class are unified by a common theory of Defendants' FLSA violations.

57. As a direct and proximate cause of Defendants' unlawful conduct, Plaintiff and similarly situated employees have suffered and will continue to suffer a loss of income and other damages.

58. Therefore, Defendants are liable to Plaintiff and other members of the class for actual damages, liquidated damages and equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorney's fees, costs and expenses.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and class members request the Court to enter judgment in their favor on this Complaint and:

(a) Award Plaintiff and similarly situated employees all unpaid overtime compensation against Defendants;

(b) Find and declare Defendants' violations of the FLSA were willful, and accordingly, the three (3) year statute of limitations under the FLSA applies to this action;

(c) Award Plaintiff and members of the collective class liquidated damages in accordance with the FLSA;

(d) Award prejudgment interest (to the extent that liquidated damages are not awarded);

(e) Award Plaintiff and the collective class reasonable attorneys' fees and all costs of this action, to be paid by Defendants, in accordance with the FLSA;

(f) Award post-judgment interest and court costs as allowed by law;

(g) Enter an Order designating this action as an opt-in collective action under the FLSA;

(h) Enter an Order directing the issuance of notice to putative class members pursuant to 29 U.S.C. § 216(b) for the claims of the class;

(i) Allow Plaintiff to amend his Complaint, if necessary, as new facts are discovered;

(j) Provide additional general and equitable relief to which Plaintiff and the class may be entitled; and

(k) Provide further relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff hereby demands a **TRIAL BY JURY** as to all issues.

Dated: February 17, 2022　　　　　　　　Respectfully Submitted,

*/s/ Robert E. Morelli, III*
J. Russ Bryant (TN BPR #33830)
Robert E. Turner, IV (TN BPR #35364)
Robert E. Morelli, III (TN BPR #037004)
**JACKSON SHIELDS YEISER HOLT OWEN & BRYANT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Telephone: (901) 754-8001
Facsimile: (901) 754-8524
*rbryant@jsyc.com*
*rturner@jsyc.com*
*rmorelli@jsyc.com*

*ATTORNEYS FOR PLAINTIFF*

11

## CERTIFICATE OF SERVICE

  I hereby certify that I have on this the 17th day of February, 2022, caused the forgoing First Amended Complaint to be filed via the Court's electronic case filing system. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt, including:

Kenneth A. Weber, BPR No. 015730
Denmark J. Grant, BPR No. 036808
BAKER, DONELSON, BEARMAN,CALDWELL & BERKOWITZ, P.C.
1600 West End, Suite 2000
Nashville, Tennessee 37203
Telephone: (615) 726-5600
Email: kweber@bakerdonelson.com
Email: dgrant@bakerdonelson.com

*Attorneys for Defendant Choice Hotels International, Inc.*

L. Gino Marchetti, Jr., BPR No. 005562
Matthew C. Pietsch, BPR No. 024659
2908 Poston Avenue
Nashville, TN 37203
(615) 320-3225
(615) 320-3244 Fax
gmarchetti@tpmblaw.com
matt@tpmblaw.com

Taylor A. Harduvel, Esq.
Baker & Hostetler LLP
200 South Orange Avenue, Suite 2300
Post Office Box 112
Orlando, Florida 32802 0112
Telephone: (407) 649 4000
Facsimile: (407) 841-0168
tharduvel@bakerlaw.com
dmanser@bakerlaw.com

*Counsel for Defendant KFS Hermitage, LLC*

               */s/Robert E. Morelli, III*

